

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REBECCA A. MASSEY**                                                        **PLAINTIFF**

V.                                                     CIVIL ACTION NO. 1:13cv90LG-JMR

**CREDIT ACCEPTANCE CORPORATION;**
**WYNN'S EXTENDED CARE, INC.; and**
**JOHN DOES 1-10**                                              **DEFENDANTS**

## NOTICE OF REMOVAL

COMES NOW Credit Acceptance Corporation ("Credit Acceptance"), and files this its Notice of Removal, and in support thereof would show unto the Court the following, to-wit:

1. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

2. Plaintiff commenced this action on February 25, 2013, in the Circuit Court of the First Judicial District of Harrison County, Mississippi, Cause No. A2401-13-53, against Credit Acceptance and Wynn's Extended Care, Inc. ("Wynn's") and John Does 1 through 10. A copy of the Complaint is attached hereto and marked as composite Exhibit "A," and incorporated herein by reference.

3. Plaintiff alleged that Credit Acceptance was "in the business of providing financing to purchasers of motor vehicles" and that Wynn's was "in the business of providing used vehicle service contract accounts." *See* Complaint at ¶¶

3-4. Plaintiff asserted that she was an employee of a Credit Acceptance approved dealer, and elected to purchase a used 2002 Chrysler Sebring automobile that was indirectly financed by Credit Acceptance on April 28, 2010. *See* Complaint at ¶¶ 9-10. As part of that transaction, Plaintiff obtained "a motor vehicle warranty" from Wynn's and "GAP" insurance coverage. *See* Complaint at ¶ 10. Plaintiff admitted that both she and her mechanic inspected the vehicle before she purchased it, and that it "had no system defects or mechanical problems." *See* Complaint at ¶ 11. Thereafter, Plaintiff began to experience problems with the vehicle. *See* Complaint at ¶ 12. She alleged, however, that Credit Acceptance and Wynn's "refused all of [her] efforts to obtain coverage and/or a resolution to fix her newly purchased automobile." *See* Complaint at ¶ 14. Plaintiff then ceased making her contractually required payments on the vehicle. *See* Complaint at ¶ 15. Following the repossession of the vehicle, Credit Acceptance obtained a deficiency judgment against Plaintiff in the amount of $4,881.36 that she has failed to satisfy. *See* Complaint at ¶ 17. The Complaint asserted claims for unfair competition and practices, declaratory relief, intentional or negligent misrepresentation, breach of contract, unlawful conversion, civil conspiracy, tortious breach of contract and breach of the duty of good faith and fair dealing, and fraud. *See* Complaint at ¶¶ 18-52. Plaintiff demanded an unlimited and unspecified amount in both actual and punitive damages, as well as attorney's fees. *See* Complaint at *ad damnum* clause.

2

Plaintiff also demanded non-monetary relief in the form of declaratory relief, injunctive relief, and restitution. *See* Complaint at *ad damnum* clause.

4. Plaintiff is a citizen of Mississippi. *See* Complaint at ¶ 2. Credit Acceptance is a Michigan corporation with its principal place of business in Michigan, and non-citizen of Mississippi for jurisdictional purposes. *See* Complaint at ¶ 3. Wynn's is a California corporation with its principal place of business in Florida. *See* Complaint at ¶ 4. The citizenship of defendants sued under fictitious names is disregarded. *See* 28 U.S.C. § 1441(b)(1). Thus, complete diversity exists between Plaintiff and the named Defendants, Credit Acceptance and Wynn's. The amount in controversy requirement has also been satisfied based upon the claims asserted by Plaintiff. Plaintiff demanded an unlimited and unspecified amount in actual and punitive damages, as well as attorney's fees. Plaintiff also demanded multiple forms of non-monetary relief. *See* 28 U.S.C. § 1446(c)(2). Thus, the amount in controversy exceeds $75,000. Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Removal in this matter is timely pursuant to 28 U.S.C. § 1446. The Complaint was not filed until February 25, 2013, and has been removed within thirty days thereof. *See* 28 U.S.C. § 1446(b)(2)(B). Any necessary and required parties will consent to or join in the removal of this action within the time permitted by law.

6.  By filing this Notice of Removal, Credit Acceptance does not waive its rights to object to service, service of process, sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, venue, or assert any other applicable defenses. Additionally, Credit Acceptance expressly reserves any right to have the claims asserted herein resolved solely through arbitration.

7.  This Court has supplemental jurisdiction over all other claims asserted by Plaintiff in accordance with 28 U.S.C. §§ 1367 & 1441.

8.  A copy of this Notice of Removal has been sent to counsel of record for the Plaintiff, all other counsel of record, and will be filed with the clerk of the Circuit Court of the First Judicial District of Harrison County, Mississippi.

9.  The entire state court file will be filed electronically pursuant to 28 U.S.C. § 1446(a) and Uniform Local Rule 5(b).

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays that this Court assume full jurisdiction over these proceedings as provided for by law.

THIS the 25th day of March, 2013.

Respectfully submitted,

**CREDIT ACCEPTANCE CORPORATION**

By: _/s/_ _____
Of Counsel

Mark H. Tyson (MSB #9893)
Stephen T. Masley (MSB #101870)
McGLINCHEY STAFFORD, PLLC
City Center South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi  39225-2949
Telephone: (601) 960-8400
Facsimile:   (601) 960-3520
**mtyson@mcglinchey.com**
**smasley@mcglinchey.com**

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

> Thomas E. Vaughn
> Vaughn & Vaughn, PA
> Post Office Drawer 240
> Gulfport, Mississippi 39502
>
> William L. McDonough, Jr.
> Copeland Cook Taylor & Bush
> P.O. Box 10
> Gulfport, Mississippi 39502-0010
>
> Gayle Parker
> Harrison County Circuit Clerk
> P.O. Box 998
> Gulfport, Mississippi 39502

This the 25th day of March, 2013.

_____
Of Counsel

272016.1