**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**REBECCA A. MASSEY**                                                       **PLAINTIFF**

**V.**                                                           **NO.  1:13-cv-00090-LG-JMR**

**CREDIT ACCEPTANCE CORPORATION;
WYNN'S EXTENDED CARE, INC.; and
JOHN DOES 1-10**                                                 **DEFENDANTS**

**MOTION TO DISMISS OR,
ALTERNATIVELY, TO COMPEL ARBITRATION**

COMES NOW Credit Acceptance Corporation ("Credit Acceptance") and files this its Motion to Dismiss or, Alternatively, to Compel Arbitration, and in support thereof would show unto the Court the following, to-wit:

1. Plaintiff purchased a used 2002 Chrysler Sebring automobile from Arguelles Auto Sales, Inc. ("Arguelles") on April 28, 2010.  The cash sale price of the vehicle was $8,178.00.  Plaintiff financed the purchase of the vehicle through a retail installment contract (the "Contract") that required her to make thirty-nine monthly payments in the amount of $265.56.

2. As part of the purchase, Plaintiff obtained an optional extended warranty from Wynn's Extended Care, Inc. ("Wynn's) in the amount of $1,380.00 and optional GAP insurance from Western Diversified in the amount of $499.00.  The premiums for the extended warranty and the GAP coverage were financed along with the cost of the automobile.

3. The Contract also contained an agreement to arbitrate (the "Arbitration Agreement") that provided, in part:

> This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "we" and "us" mean Seller and/or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents or assignees or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract. If such third party is named as a party between You and us, "You" means the Buyer(s). A "Dispute" is any dispute, controversy or claim between You or us arising out of or in any way related to this Contract, or any default under this Contract, or the collection of amounts due under this Contract, or the purchase, sale, delivery, set-up, quality of the Vehicle, or any product or service included in this Contract. "Dispute" includes contract claims, and claims based on tort or any other legal theories. Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes brought later in the lawsuit. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. The arbitrator shall decide whether a particular Dispute is subject to arbitration and any question as to the enforceability of all or part of this Arbitration Clause. All statutes of limitation which otherwise would apply to an action brought in court will apply in arbitration. The Federal Arbitration Act governs this Arbitration Clause. You and we understand and agree that You and we choose arbitration instead of litigation to resolve Disputes. <u>You and we voluntarily and knowingly waive any right to a jury trial.</u>
>
> \* \* \*
>
> Notwithstanding the foregoing, we retain the right to repossess the Vehicle upon your default and to exercise any power of sale under this Contract. ***The institution and maintenance of any action for judicial relief or exercise of self-help remedies shall not waive the right to***

> *submit any Dispute to arbitration, including any counterclaim asserted in any such action, and including those controversies or claims arising from the exercise of any such judicial relief or the exercise of self-help remedies. If a demand for arbitration of any counterclaim is made, the entire Dispute shall be submitted to binding arbitration pursuant to this Arbitration Clause.* If a party requests arbitration under this Contract the other party shall submit to arbitration any claim or counterclaim which such party may have against the requesting party, whether deemed to be compulsory or permissive in law. The failure to bring such a claim or counterclaim is a waiver of, and bars, the bringing of such a claim or counterclaim in any subsequent arbitration or legal action.

(emphasis added).

4. After the transaction was consummated, Arguelles assigned the Contract to Credit Acceptance on April 28, 2010. Credit Acceptance's perfected security interest in the vehicle was reflected on the certificate of title.

5. Plaintiff subsequently defaulted on her payment obligations under the Contract. As a result, the vehicle was repossessed. It was then sold at auction on or about March 24, 2011, with the sale proceeds of $1,900.00, being applied to Plaintiff's indebtedness. Thereafter, she remained indebted to Credit Acceptance under the Contract in the amount of $3,953.95.

6. On September 16, 2011, Credit Acceptance filed suit against Plaintiff in the County Court of Harrison County, First Judicial District, seeking to recover the unpaid balance due under the Contract. After she failed to answer or offer any defense, a Default Judgment was entered against Plaintiff by the County Court on

January 25, 2012, in the amount of $3,953.95, plus attorney's fees of $593.09, plus prejudgment interest in the amount of $173.32, plus $161.00 court costs expended, for a total judgment of $4,881.36 together with additional interest to accrue on the principal balance at the rate of 8.000% from August 26, 2011 until paid. Thereafter, garnishment proceedings were initiated against Plaintiff's employer in order to collect the judgment.

7.     Plaintiff filed this action on February 25, 2013 in the Circuit Court of Harrison County, Mississippi, First Judicial District.  She alleged that Credit Acceptance was "in the business of providing financing to purchasers of motor vehicles" and that Wynn's was "in the business of providing used vehicle service contract accounts."  Plaintiff asserted that she was an employee of Arguelles and elected to purchase the used 2002 Chrysler Sebring automobile that was indirectly financed by Credit Acceptance on April 28, 2010.  As part of that transaction, Plaintiff obtained "a motor vehicle warranty" from Wynn's and "GAP" insurance coverage.  She admitted that both she and her mechanic inspected the vehicle before she purchased it, and that it "had no system defects or mechanical problems."  Thereafter, she asserted that she began to experience problems with the vehicle. She alleged, however, that Credit Acceptance and Wynn's "refused all of [her] efforts to obtain coverage and/or a resolution to fix her newly purchased automobile."  She then ceased making her payments under the Contract.  She

expressly acknowledged that Credit Acceptance had obtained a deficiency judgment against her in the amount of $4,881.36 that she has failed to satisfy. The Complaint asserted claims for unfair competition and practices, declaratory relief, intentional or negligent misrepresentation, breach of contract, unlawful conversion, civil conspiracy, tortious breach of contract and breach of the duty of good faith and fair dealing, and fraud. Plaintiff demanded an unlimited and unspecified amount in both actual and punitive damages, as well as attorney's fees. Plaintiff also demanded non-monetary relief in the form of declaratory relief, injunctive relief, and restitution.

8. In support of the instant motion, Credit Acceptance relies upon its supporting Memorandum of Authorities being submitted simultaneously herewith and the following exhibits:

| Exhibit "A" | Retail Installment Contract |
| Exhibit "B" | Certificate of Title |
| Exhibit "C" | Notice of Disposition of Repossessed Vehicle |
| Exhibit "D" | Complaint for Debt |
| Exhibit "E" | Default Judgment |
| Exhibit "F" | Writ of Garnishment |
| Exhibit "G" | Complaint |

WHEREFORE, PREMISES CONSIDERED, Credit Acceptance prays that Plaintiff's be dismissed with prejudice. Alternatively, Credit Acceptance prays that Plaintiff be compelled to arbitrate any claim she seeks to assert again Credit Acceptance. Credit Acceptance further prays for general relief.

This the 28th day of March, 2013.

                        Respectfully submitted,

                        **CREDIT ACCEPTANCE CORPORATION**

                        By: /s/ Mark H. Tyson
                              Of Counsel

Mark H. Tyson (MSB #9893)
Stephen T. Masley (MSB #101870)
McGLINCHEY STAFFORD, PLLC
City Centre South, Suite 1100
200 South Lamar Street (Zip - 39201)
Post Office Drawer 22949
Jackson, Mississippi 39225-2949
Telephone: (601) 960-8400
Facsimile: (601) 960-3520
mtyson@mcglinchey.com
smasley@mcglinchey.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served via electronic filing and/or U.S. Mail, postage prepaid, a true and correct copy of the foregoing to:

Thomas E. Vaughn
Vaughn & Vaughn, PA
Post Office Drawer 240
Gulfport, Mississippi 39502
tvaughn@vaughnbowden.com

William L. McDonough, Jr.
Copeland Cook Taylor & Bush
P.O. Box 10
Gulfport, Mississippi 39502-0010
**wmdonough@cctb.com**

This the 28th day of March, 2013.

/s/ Mark H. Tyson
Of Counsel

272509.1