IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REBECCA A. MASSEY                                                PLAINTIFF

v.                                              CAUSE NO. 1:13CV90-LG-JMR

CREDIT ACCEPTANCE CORPORATION
and WYNN'S EXTENDED CARE, INC.                            DEFENDANTS

MEMORANDUM OPINION AND ORDER CONCERNING
DEFENDANT'S MOTION TO DISMISS, OR
ALTERNATIVELY, TO COMPEL ARBITRATION

BEFORE THE COURT is the Motion to Dismiss, or Alternatively, to

Compel Arbitration [6] filed by Credit Acceptance Corporation and joined in part by

Wynn's Extended Care, Inc.  In this lawsuit, Rebecca A. Massey alleged that the

defendants engaged in unfair and deceptive practices by selling her a used vehicle

warranty that they had no intention of honoring.  She also alleges that the failure

to honor the warranty caused her to default on the finance agreement related to the

vehicle she purchased.  Credit Acceptance argues that Massey's claims should be

dismissed with prejudice pursuant to the doctrines of res judicata and collateral

estoppel, since it previously obtained a judgment against Massey regarding her

breach of the finance agreement.  In the alternative, Credit Acceptance asserts that

her claims are subject to binding arbitration.  Wynn has only joined in Credit

Acceptance's Motion to the extent that it demands arbitration.

Massey counters that Credit Acceptance has waived its right to arbitration,

and Wynn does not qualify as a third party beneficiary of the arbitration

agreement.  She also claims that res judicata and collateral estoppel do not apply in

this case.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss filed by Credit Acceptance should be granted, and the Motion to Compel Arbitration joined by Wynn should be granted.

## FACTS

Massey worked as an employee and salesperson for a dealer/partner of Credit Acceptance.  (Compl. at 4, ECF No. 1-1).  On April 28, 2010, she obtained financing through Credit Acceptance in order to purchase a 2002 Chrysler Sebring, and she obtained a warranty for the Chrysler from Wynn.  (*Id.*)  After the purchase, Massey traveled to Brandon, Mississippi, to care for her father during an illness.  (*Id.*)  While in Brandon, she took the Chrysler to a mechanic in order to have the oil changed.  (*Id.*)  The mechanic found that the Chrysler was making a clicking sound.  (*Id.*)  It was determined that diagnostic disassembly would be required in order to identify the exact cause of the problem.  (*Id.* at 4-5).  The mechanic contacted Wynn, but Wynn refused to pay the claim because it viewed the problem as preexisting.  (*Id.* at 5).

Massey asserts that the denial of her warranty claim caused her to be trapped in Brandon, since she did not have the funds to buy a new vehicle or repair the Chrysler.  (*Id.*)  She was also unable to make payments on the Chrysler, because she was not able to travel to work.  (*Id.*)  Credit Acceptance repossessed the Chrysler and sold it.  (*Id.*)  It then filed a lawsuit against Massey to collect the deficiency under the finance agreement.  (*Id.* at 6).  Credit Acceptance's Complaint

for Debt filed against Massey in the County Court of Harrison County, Mississippi, alleged that Massey owed $3953.95 plus interest, court costs, and attorneys' fees pursuant to the finance agreement.  (Def.'s Mot., Ex. D, ECF No. 6-4).  Wynn was not a party to that lawsuit.  (*See id.*)  Credit Acceptance received a default judgment against Massey.  (Def.'s Mot., Ex. E, ECF No. 6-5).

Massey filed the present lawsuit against Credit Acceptance and Wynn, asserting the following claims: unfair competition and practices, unjust enrichment, intentional or negligent misrepresentation, breach of contract, unlawful conversion, civil conspiracy, tortious breach of contract, breach of the duty of good faith and fair dealing, and fraud.  (*Id.* at 6-14).

In support of her unfair competition and practices claim, Massey alleges that Credit Acceptance: (1) violated Miss Code Ann. § 83-5-35, which prohibits unfair competition and practices in the business of insurance; (2) misrepresented that she is obligated to pay the deficiency balance under the finance agreement; (3) issued defective statutory notices that she is obligated to pay the deficiency balance; (4) concealed its unlawful activity in sending her deficiency notices; (5) fraudulently and unfairly "continues to carry on its account records deficiency balances of Plaintiff;" (6) unfairly and fraudulently notified credit reporting agencies and other third parties that she owes a deficiency balance; (7) unfairly and fraudulently collected deficiency balances from Massey; (8) misrepresented its compliance with Miss. Code Ann. § 83-5-35; and (9) violated the Mississippi Motor Vehicle Sales Finance Law.  Concerning her intentional or negligent misrepresentation claim,

Massey argues that Credit Acceptance and Wynn knew or should have known that the Wynn warranty would not be honored and misrepresented the substance of the warranty agreement.

Massey also asserts that Credit Acceptance and/or Wynn breached the contracts at issue by knowingly contracting with her under terms that rendered the finance agreement impossible or impractical to complete and "through non-disclosure of inherent disincentives for compliance combined with known and/or expected complications of the vehicle." (Compl. at 11, ECF No. 1-1). She claims that Credit Acceptance and Wynn engaged in a civil conspiracy, committed an unlawful conversion, committed a tortious breach of contract, and breached the duty of good faith and fair dealing by denying the warranty claim, knowing that the denial would likely cause her to default under the finance agreement. Furthermore, she claims that Credit Acceptance and Wynn were unjustly enriched by collecting moneys they were not entitled to, and that they committed fraud by selling her a warranty contract that they did not intend to honor.

Massey seeks restitution and damages resulting from the entry of the default judgment against her, preliminary and permanent injunctions, an order requiring Credit Acceptance to declare the judgment against Massey satisfied, compensatory damages, prejudgment interest, attorneys' fees, costs, expenses, declaratory relief, and punitive damages. (*Id.* at 14-15).

## DISCUSSION

The Fifth Circuit has held that the question of whether a party's claims are

barred by the doctrine of res judicata or collateral estoppel is a question for the courts, not arbitrators. *See Local 1351 Int'l Longshoremens Ass'n v. Sea-Land Serv. Inc.*, 214 F.3d 566, 572 (5th Cir. 2000) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co., Inc.*, 781 F.2d 494, 498 (5th Cir. 1986)). As a result, the Court must first consider Credit Acceptance's Motion to Dismiss.

## I. MOTION TO DISMISS

### A. RES JUDICATA

"When a federal court is asked to give res judicata effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment under the res judicata principles of the state from which the judgment originates." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). "In order for the doctrine of res judicata to act as a bar to subsequent litigation, Mississippi law requires the presence of the following four identities: '(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.'" *Moorman v. Crocker*, 38 So. 3d 662, 666 (¶10) (Miss. Ct. App. 2010). A final judgment adjudicated on the merits is also required. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (¶22) (Miss. 2005). As long as these five requirements are met, "res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior

proceeding." *Id.* at 232 (¶22); *see also Rodgers v. Moore*, 101 So. 3d 189, 193 (¶10) (Miss. Ct. App. 2012).

### 1. Identity of the Subject Matter of the Action

While in the past the subject matter of a lawsuit was defined as the "thing sued for," more recently it has been referred to as the "substance" of the lawsuit. *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1085 (Miss. 2009).  Massey argues that the subject matter of the first lawsuit was the finance agreement, while the subject matter of the present lawsuit is the warranty agreement.  Credit Acceptance counters that the two agreements are "inextricably intertwined," because Credit Acceptance provided financing for the Wynn warranty agreement pursuant to the finance agreement.  *See Copiah Med. Assoc. v. Miss. Baptists Health Sys.*, 898 So. 2d 656, 662-63 (Miss. 2005).  In *Copiah*, the Court, while determining whether res judicata would pertain to an alleged compulsory counterclaim, determined that identity of the subject matter was present because the agreements at issue in the separate lawsuits were "inextricably intertwined." *Id.*

In her Complaint, Massey claims that Credit Acceptance entered into a conspiracy with Wynn to sell her an ineffective Wynn warranty in order to frustrate Massey's ability to perform under the finance agreement provided by Credit Acceptance.  Thus, despite her attempts to reclassify her claims for purposes of the pending Motion, in her Complaint Massey did not allege a mere breach of the Wynn warranty agreement.  Furthermore, many of her claims of unfair practices would require a determination that she does not owe the deficiency that is the subject of

the Default Judgment obtained by Credit Acceptance.  As a result, the Court finds

that identity of the subject matter is present.

### 2.  Identity of the Cause of Action

The Mississippi Supreme Court has held that identity of the cause of action

exists where the latter case "involve[s] the same claim premised upon the same

body of operative fact as was previously adjudicated." *Harrison*, 891 So. 2d at 234

(¶31).  When presented with numerous claims in one lawsuit, the Mississippi courts

have looked beyond "the legal bases asserted and relied more on the factual and

transactional relationship between the original action and the subsequent action."

*Id.*

> [C]auses of actions are the same if they arise from the same
> "transaction;" whether they are products of the same "transaction" is to
> be determined by "giving weight to such considerations as whether the
> facts are related in time, space, origin, or motivation, whether they
> form a convenient trial unit, and whether their treatment as a unit
> conforms to the parties' expectations or business understanding or
> usage."

*Id.* (quoting *Nevada v. United States*, 463 U.S. 110, 131 (1983)).

In a case featuring similar facts to those presented here, the Mississippi

Supreme Court explained:

> The central and essential fact asserted in the claim and delivery action
> against Magee was his default under the contract and the consequent
> right of GMAC to repossess under the contract.  His willful failure to
> answer or controvert, for whatever reason, amounted to a confession of
> the charge . . . .  It would be ironical indeed if GMAC, in an action in
> which due process was accorded Magee and in which the law was
> faithfully followed, should repossess the automobile under a solemn
> judgment of a court of competent jurisdiction, which finally
> adjudicated that Magee was in default and that GMAC was entitled to

the automobile under its contract, and then, when that is all over and done with, permit Magee, who had allowed it all to happen, exact damages predicated upon the repossession which was in all respects lawful.

*Magee v. Griffin*, 345 So. 2d 1027, 1032-33 (Miss. 1977).

The Court finds that the two lawsuits at issue are products of the same transaction.  In the Default Judgment, the County Court held that Massey was liable for the deficiency under the finance agreement.  In the present case, she alleges that, due to the conduct of Credit Acceptance and Wynn, she is not liable for that deficiency and her claimed damages include the Default Judgment imposed against her.  In essence, she is seeking to collaterally attack the prior judgment in favor of Credit Acceptance by suing Credit Acceptance in the present lawsuit.  The claims that she alleges against Credit Acceptance here could have and should have been raised as defenses and/or compulsory counterclaims in the County Court lawsuit filed by Credit Acceptance.  Her attempt to recover damages against Credit Acceptance resulting from a Default Judgment of deficiency lawfully obtained by Credit Acceptance must be barred.

### 3. Identity of the Parties to the Cause of Action

While Credit Acceptance and Massey were parties to both lawsuits, Wynn is only a party to the present lawsuit.  The Mississippi Supreme Court has held that strict identity of the parties is not necessary, since a nonparty defendant can assert res judicata if it is in "privity" with the named defendant.  *Little v. V&G Welding Supply, Inc.*, 701 So. 2d 1336, 1339 (¶15) (Miss. 1997).  In the present case, it is not

necessary to determine whether Wynn was in privity with Credit Acceptance, since Wynn is not seeking to assert res judicata. The Court finds that the presence of Wynn in this lawsuit does not destroy Credit Acceptance's ability to assert res judicata on its own behalf. *See Magee*, 345 So. 2d at 1032 (holding that res judicata applied as to a defendant that was a party to both lawsuits, but finding in a plurality opinion that a new defendant was not entitled to invoke res judicata). Massey and Credit Acceptance were parties to both lawsuits, and the issue of whether any other party is either bound by or entitled to enforce the prior judgment is not before the Court. Massey's decision to add an additional defendant in this lawsuit should not affect the enforcement of the prior Default Judgment as it relates to Credit Acceptance. As a result, the Court finds that the identity of the parties requirement is satisfied.

### 4.  Identity of the Quality or Character of a Person against Whom the Claim is Made

Identity of the quality or character of a party is absent where a person is sued in a limited or a representative capacity in one case then personally in another. *In re Estate of Bell*, 976 So. 2d 965, 968 (¶8) (Miss. Ct. App. 2008). Neither Massey nor Credit Acceptance appeared in either lawsuit in a limited capacity. Thus, this identity is satisfied in this lawsuit.

### 5.  Finality of the Prior Judgment

Default judgments are viewed as final judgments adjudicated on the merits under Mississippi law. *Franklin Collection Serv., Inc. v. Stewart*, 863 So. 2d 925,

929 (¶15) (Miss. 2003); *Hood v. Mordecai*, 900 So. 2d 370, 377 (¶18) (Miss. Ct. App. 2004).  As a result, that requirement has been met.

## B. COLLATERAL ESTOPPEL

Since the Court has found that all of the required identities for res judicata are present, Massey's claims against Credit Acceptance must be dismissed with prejudice.  Therefore, it is not necessary for the Court to determine whether collateral estoppel also bars Massey's claims against Credit Acceptance.

## II. MOTION TO COMPEL ARBITRATION

The Court must now consider Wynn's demand for arbitration as a non-signatory.  The arbitration clause contained in the finance agreement entered into by Massey and Credit Acceptance provides:

> This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated.  Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury.  In this Arbitration Clause, "we" and "us" mean Seller and/or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents or assignees or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between you and us.  "You" means the Buyer(s).  A "Dispute" is any dispute, controversy or claim between You or us arising out of or in any way related to this Vehicle, or any product or service included in this Contract.  "Dispute" includes contract claims, and claims based on tort or any other legal theories.  Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or award may be entered in any court with jurisdiction.  The arbitrator shall decide whether a particular Dispute is subject to arbitration and any question as to enforceability of all or part of this Arbitration Clause . . . .  The Federal Arbitration Act governs this Arbitration Clause.

(Def.'s Mot., Ex. A at 2, ECF No. 6-1).

-10-

Section 2 of the Federal Arbitration Act provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Arbitration is, essentially, a matter of contract, and arbitration agreements should be treated like other contracts and enforced according to their terms. *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011). Because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).

The Fifth Circuit has adopted a two-step inquiry for determining whether parties should be compelled to arbitrate. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004). First, the court must determine whether the parties agreed to arbitrate the dispute. *Id.* This step has two components – determining (1) whether there is a valid agreement to arbitrate between the parties and (2) whether the dispute between the parties falls within the scope of the arbitration agreement. *Id.*

"Arbitrability" is the question of whether the parties have agreed to arbitrate a particular dispute. *Howsam*, 537 U.S. at 83. Generally, the question of arbitrability is a matter for the courts to decide, rather than an arbitrator. *AT&T Techs, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). Nevertheless, "[t]he question of 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." *First Options of Chicago, Inc. v.*

-11-

*Kaplan*, 514 U.S. 938, 943 (1995).  The court cannot simply "assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so."  *Id.* at 944 (quoting *AT&T Techs.*, 475 U.S. at 649); *see also Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2777 (2010).  An agreement to submit disputes concerning arbitrability to arbitration may be memorialized in contract.  *Agere Sys., Inc. v. Samsung Elecs. Co. Ltd.*, 560 F.3d 337, 339 (5th Cir. 2009).  Nevertheless, "a dispute over whether the parties entered into any arbitration agreement in the first place" must be decided by the courts.  *DK Joint Venture 1 v. Weyand*, 649 F.3d 310, 317 (5th Cir. 2011).

In the present case, it is undisputed that Credit Acceptance and Massey agreed to arbitrate disputes that arose between them, but Massey argues that Wynn cannot compel arbitration since it was not a signatory to the agreement containing the arbitration clause.  When determining whether parties agreed to arbitration, courts apply "ordinary state-law principles that govern the formation of contracts."  *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995); *see also Todd v. S.S. Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 336 (5th Cir. 2010) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)) (holding that courts should look to state law when determining whether an arbitration clause can be invoked by a non-signatory).   The Mississippi Supreme Court has enumerated the theories in which a non-signatory may enforce an arbitration agreement: (a) incorporation by reference; (b) assumption; (c) agency; (d)

veil-piercing/alter ego; (e) estoppel; and (f) third-party beneficiary.  *Qualcomm Inc.*

*v. Am. Wireless License Grp., LLC*, 980 So. 2d 261, 269 (¶17) (Miss. 2007) (quoting

*Bridas S.A.P.I.C. v. Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003)).

The Court finds that Wynn is incorporated by reference as a party to the

arbitration clause, because the clause states that third parties who provide goods

and/or services in connection with the origination of the finance agreement are

included as parties to the arbitration clause.  Wynn provided a warranty in

connection with the origination of the finance agreement, and the Wynn warranty

was specifically referenced in the Credit Acceptance finance agreement.  (Def.'s

Mot., Ex. A at 1, ECF No. 6-1).  The $1380 charge for the warranty was also

financed by Credit Acceptance pursuant to the agreement containing the

arbitration clause.  (*Id.*)  Since Massey and Credit Acceptance agreed that third

parties referenced in this manner were parties to the arbitration clause, Wynn is

entitled to invoke the arbitration clause as a non-signatory.

Furthermore, Massey's arguments that Credit Acceptance waived the

arbitration clause do not affect Wynn's ability to enforce the arbitration clause.  *See*

*Lemon Drop Props., LLC v. Pass Marianne, LLC*, 73 So. 3d 1131, 1137 (¶17) (Miss.

2011).  The *Lemon Drop* case also indicates that it is permissible for a non-signatory

to enforce an arbitration clause even where claims filed against a signatory are not

submitted to arbitration.  *See id.*

Since the arbitration clause specifically provides that questions regarding the

-13-

scope of the arbitration clause should be presented to the arbitrator, all remaining issues in this lawsuit must be referred to arbitration.

## CONCLUSION

For the foregoing reasons the Court finds that Massey's claims against Credit Acceptance are barred by the doctrine of res judicata and must be dismissed with prejudice.  Meanwhile, Massey's claims against Wynn must be referred to arbitration.  The Court will stay this lawsuit pending the outcome of the arbitration.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [6] filed by Credit Acceptance Corporation is **GRANTED**.  Rebecca A. Massey's claims against Credit Acceptance are hereby **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Compel Arbitration [6] joined by Wynn's Extended Care, Inc., is **GRANTED**.  This lawsuit is **STAYED** pending the outcome of the arbitration.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2013.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-14-