IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

REBECCA A. MASSEY                                                                    PLAINTIFF

VERSUS                                                            NO. 1:13-cv-00090-LG-JMR

CREDIT ACCEPTANCE CORPORATION;
WYNN'S EXTENDED CARE, INC.; and
JOHN DOES 1 THROUGH 10                                                          DEFENDANTS

**<u>PLAINTIFF REBECCA A. MASSEY'S MOTION FOR RECONSIDERATION</u>**

COMES NOW, the Plaintiff Rebecca A. Massey, and files this her Motion for Reconsideration and/or Other Relief pursuant to Fed. R. Civ. P. 59 and for cause would show unto the court as follows:

Plaintiff Massey would ask the Court to reconsider the Memorandum of Opinion and Order [ECF No. 22] in regard to that portion of the opinion compelling the Plaintiff to arbitrate her claims against the non-signatory Defendant, Wynn's Extended Care, Inc. [Wynn]. For cause, Massey would show that for the purposes of arbitrability, this Court should look to the State's substantive law. In that regard, Mississippi Law clearly provides that a party "cannot be required to submit to arbitration any dispute which he has not agreed to submit". *Scruggs v. Wyatt*, 60 So.3d 758, 767 (Miss. 2011) (citing *Qualcomm, Inc. v. AM. Wireless License Group*, 980 So.2d 261 (Miss. 2007)).

In determining whether the parties have agreed to arbitrate a particular dispute or claim the Courts should apply Mississippi Contract law. *Mississippi Care Center of Greenville, LLC v. Hinyub*, 975 So.2d 211 (Miss. 2008).

While admittedly arbitration is favored under the law, a Court should not override the intent of the parties or force arbitration when same is not clearly implicated under the terms of the contract. *Harrison County Commercial Lot, LLC v. H. Gordon Myrick, Inc.*, 107 So.3d 943 (Miss. 2013). Additionally, in construing the contract the Court should construe any ambiguities against the drafter of the contract, in this case the Defendants. Id. at 950.

The analysis, in this case, necessarily turns on the construction of the arbitration provision as noted by this Court in page 10 of its Opinion. [ECF No. 22-13] The pertinent section of the arbitration clause is as follows: "In this Arbitration Agreement, 'we' and 'us' means Seller or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents, or assigns **or any third party providing any goods or services in connection with the origination or servicing and collection of amounts due under the contract…**" (Def.'s Mot., Ex. "A" at 2, ECF No. 6-1.) (Emphasis added)

In the Court's Memorandum Opinion in this cause, the Court has determined that Wynn is a person who "provides goods and/or services in connection with the origination or servicing and collection" of the finance agreement. Further this Court has opined that since the Wynn's warranty agreement is referenced in the finance agreement the parties to Wynn's warranty agreement are compelled to arbitrate any claims arising under the warranty

agreement. However, the phrase, "providing of goods and services" as used in the arbitration provision relates only to those goods and services in connection with the origination servicing or collection of the finance agreement. With all due respect, the Plaintiff contends that the Court may have erroneously confused the "servicing" of the finance agreement with the "servicing" of the vehicle itself under the warranty agreement. However, the arbitration provision by its unambiguous language limits itself to the origination, collection, and servicing of the finance debt only. No reasonable consumer would believe that this language compels arbitration of claims under the separate Wynn's agreement.

In determining the intent of the parties, it is significant that the warranty agreement, itself, did not have an arbitration provision which is a clear indication that the sole parties to that agreement, Wynn and Massey, did not intend to arbitrate any matters arising out of the "servicing" of the vehicle under the warranty agreement.

Accordingly, the Plaintiff would submit that this Court should reconsider its opinion in this regard due to the confusion arising out the use of the term "servicing" in the arbitration provision. The Plaintiff contends that the Court erroneously applied that term to include the servicing of the vehicle as opposed to the servicing of the finance debt. The servicing of the vehicle was provided by the Wynn extended warranty and is the basis for the claim filed by the Plaintiff against Wynn. On the other hand, the "servicing" of the debt under the finance agreement was referenced in the arbitration provision.

The Plaintiff would urge the Court to reconsider its ruling in this regard and upon reconsideration to determine that any claims arising out of the warranty agreement between Wynn and the Plaintiff are not subject to arbitration and that this Court should retain same.

RESPECTFULLY SUBMITTED on this the 3rd day of July, 2013.

                REBECCA MASSEY, PLAINTIFF

By:   VAUGHN & BOWDEN, PA
       Her Attorneys


By:   */s/ Thomas E. Vaughn*
       Thomas E. Vaughn, MS Bar No. 6606


THOMAS E. VAUGHN, MS Bar No. 6606
VAUGHN & BOWDEN, PA
Post Office Drawer 240
Gulfport, MS 39502
(228) 863-5656 Telephone
(228) 863-6509 Facsimile
Email: tvaughn@vaughnbowden.com

-4-

-5-

<u>CERTIFICATE OF SERVICE</u>

I, Thomas E. Vaughn, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all participants registered electronically and I hereby certify that I have mailed by United States Postal Service the document to all non-ECF participants.

SO CERTIFIED, this the 3rd day of July, 2013.

*/s/ Thomas E. Vaughn*
Thomas E. Vaughn, MS Bar No. 6606

THOMAS E. VAUGHN, MS Bar No. 6606
VAUGHN & BOWDEN, PA
Post Office Drawer 240
Gulfport, MS 39502
(228) 863-5656  Telephone
(228) 863-6509  Facsimile
Email:  tvaughn@vaughnbowden.com