IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**REBECCA A. MASSEY**                                                                    **PLAINTIFF**

v.                                                                        CAUSE NO. 1:13CV90-LG-JMR

**CREDIT ACCEPTANCE CORPORATION**
**and WYNN'S EXTENDED CARE, INC.**                                            **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S
### MOTION FOR RECONSIDERATION

**BEFORE THE COURT** is the Motion for Reconsideration [27] filed by Rebecca A. Massey. In her Motion, Massey asks the Court to reconsider its decision requiring her to arbitrate her claims against Wynn's Extended Care, Inc. Wynn has filed a response in opposition to the Motion, but Massey did not file a timely reply. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Reconsideration should be denied.

### FACTS

Massey obtained financing through Credit Acceptance Corporation in order to purchase a 2002 Chrysler Sebring. At that same time, Massey obtained a warranty for the Chrysler from Wynn that was also financed by the Credit Acceptance agreement. Massey later experienced mechanical problems with the vehicle, and Wynn denied her warranty claim. She claims that financial difficulties arose from the denial of her claim, which caused her to default on the loan provided by Credit Acceptance. Massey filed the present lawsuit against Credit Acceptance and Wynn, asserting the following claims: unfair competition and practices, unjust enrichment, intentional or negligent misrepresentation, breach of contract, unlawful conversion,

civil conspiracy, tortious breach of contract, breach of the duty of good faith and fair dealing, and fraud. In a Memorandum Opinion and Order [22] entered on June 10, 2013, this Court dismissed Massey's claims against Credit Acceptance pursuant to the doctrine of res judicata. The Court also required Massey to submit her claims against Wynn to arbitration pursuant to the arbitration clause contained in the Credit Acceptance finance agreement.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration may only be granted if (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In her Motion, Massey argues that the Court misinterpreted the arbitration clause in the finance agreement to include Wynn as a third party entitled to enforce the clause. The arbitration clause provides:

> This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "we" and "us" mean Seller and/or Seller's Assignee, Credit Acceptance Corporation, or their employees, agents or assignees or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between you and us. "You" means the Buyer(s). A "Dispute" is any dispute, controversy or claim between You or us arising out of or in any way related to this Vehicle, or any product or service included in this Contract. "Dispute" includes contract claims, and claims based on tort or any other legal theories.

> Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or award may be entered in any court with jurisdiction. The arbitrator shall decide whether a particular Dispute is subject to arbitration and any question as to enforceability of all or part of this Arbitration Clause . . . . The Federal Arbitration Act governs this Arbitration Clause.

(Def.'s Mot., Ex. A at 2, ECF No. 6-1).

Massey states, "With all due respect, the Plaintiff contends that the Court may have erroneously confused the 'servicing' of the finance agreement with the 'servicing' of the vehicle itself under the warranty agreement." (Pl.'s Mot. at 3, ECF No. 27). However, this Court's ruling was not based on the conclusion that the term "servicing" referred to automobile repair, but on its determination that the warranty was a product or service offered by a third party in connection with the origination of the finance agreement. In its Memorandum Opinion and Order this Court explained:

> The Court finds that Wynn is incorporated by reference as a party to the arbitration clause, because the clause states that third parties who provide goods and/or services in connection with the *origination* of the finance agreement are included as parties to the arbitration clause. Wynn provided a warranty in connection with the *origination* of the finance agreement, and the Wynn warranty was specifically referenced in the Credit Acceptance finance agreement. (Def.'s Mot., Ex. A at 1, ECF No. 6-1). The $1380 charge for the warranty was also financed by Credit Acceptance pursuant to the agreement containing the arbitration clause. (*Id.*) Since Massey and Credit Acceptance agreed that third parties referenced in this manner were parties to the arbitration clause, Wynn is entitled to invoke the arbitration clause as a non-signatory.

(Mem. Op. & Order at 13, ECF No. 22) (emphasis added). As a result, the Court finds that Massey's argument is without merit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [27] filed by Rebecca A. Massey is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of July, 2013.

s/ *Louis Guirola, Jr.*<br>
LOUIS GUIROLA, JR.<br>
CHIEF U.S. DISTRICT JUDGE